UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THADDEUS M. LIETZ,

                            Plaintiff,

        v.                                            Case No. 24-cv-1594-pp

WARDEN DANIEL CROMWELL, *et al.*,

                            Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A**

        Plaintiff Thaddeus M. Lietz, who is incarcerated at Oshkosh Correctional

Institution and is representing himself, filed a complaint under 42 U.S.C.

§1983, alleging that the defendants deprived him of accessible water in

violation of the Eighth Amendment and the Americans with Disabilities Act

(ADA). This decision resolves the plaintiff's motion for leave to proceed without

prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
        (Dkt. No. 4)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the

plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).

The PLRA lets the court allow an incarcerated plaintiff to proceed with without

prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the

plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On January 6, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $8.43. Dkt. No. 6. The court received that fee on January 31, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'"
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the
plaintiff pleads factual content that allows a court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." Id. (citing
Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege
that someone deprived him of a right secured by the Constitution or the laws of
the United States, and that whoever deprived him of this right was acting
under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793,
798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d
824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by
plaintiffs who are representing themselves and holds such complaints to a less
stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720
(citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The complaint concerns events that allegedly occurred when the plaintiff
was incarcerated at Dodge Correctional Institution. Dkt. No. 1 at 1. It names as
defendants Warden Daniel Cromwell; Lieutenant Radcliffe; Corrections
Program Supervisor McKinsie Johnson; and John or Jane Doe defendants who
worked as the Movement Director, institutional complaint examiner (ICE) and
correctional officers. Id. The plaintiff sues the defendants in their individual
and official capacities. Id. at 4

3

The plaintiff alleges that he has only one arm—his right one—because of a birth defect. Id. at 1. He says that on August 28, 2024, while at Dodge, he told a correctional officer that his sink was not accessible for him because it required the person using it to hold down a button for either hot or cold water. Id. He says that when you release the button, the water stops. Id. The officer told the plaintiff that the plaintiff "would just have to deal with[] it." Id.

The next morning, the plaintiff told the first shift officer about the problem. Id. This officer also "said to deal with it" but said that "he would talk to his supervisors." Id. The plaintiff says that this officer did not "remedy the situation," and he says that he was without accessible water from August 28 through at least September 12, 2024. Id. He says that this officer could have and should have provided him "documents that he contacted certain individuals through email to notify them of the issue," provided the plaintiff liquid hand sanitizer or cups of water or moved the plaintiff to the handicapped cell on the unit. Id. at 1–2.

The plaintiff alleges that he later spoke with the second shift officer on duty, and he recommended that the plaintiff "follow the chain of command." Id. at 2. He says that this officer later showed the plaintiff that he had "filed issue in log book." Id. But the plaintiff says the officer also could have moved him to the handicapped cell or provided him hand sanitizer and cups of water. Id. He says that he instead remained in his cell without accessible water. Id.

The plaintiff next alleges that Johnson responded in writing to the plaintiff's ADA requests for an accommodation for "the water situation." Id. He

says that Johnson blamed the Movement Director, which the plaintiff says "is partially true." Id. He suggests that "buraucracy [*sic*]" may have caused the delay in providing him an accommodation, and he says that the process or procedure to request an accommodation "is in itself deliberate indifference." Id. The plaintiff alleges that Johnson had a duty to ensure that the plaintiff had adequate access to water but failed to fulfill that duty. Id. He asserts that she could have proposed a change of policy to move the plaintiff to a handicapped cell more quickly, asked the Warden to accommodate the plaintiff's need, ordered "a hot/cold dispenser office model to be placed in [the plaintiff's] cell" or provided the plaintiff with hand sanitizer and cups of water. Id. The plaintiff maintains that her failure to do any of these things constituted deliberate indifference. Id.

The plaintiff alleges that the Movement Director told Johnson that "he would not move no one [*sic*] no matter the situation until individual is classified as medium/minnimum [*sic*] custody." Id. The plaintiff says that the Movement Director refused to move the plaintiff despite his lack of access to water. Id. at 2–3. He asserts that this refusal "in itself is reckless and/or neglectful action" and constitutes deliberate indifference. Id. at 3.

The plaintiff alleges that Lieutenant Radcliffe was the officer in charge of his unit. Id. He says that he wrote to Radcliffe using a DOC-0643 form and by telling the second shift officer about the issue. Id. He does not say what a DOC-0643 form is. Id. He says Radcliffe "made no response or simply passed the issue" about the plaintiff's water to Johnson. Id. The plaintiff says that

Radcliffe "was reckless and/or neglectful of his duty to prevent/remedy a Constitutional deprivation" by not meeting with the plaintiff, providing him hand sanitizer or water, moving him to a handicapped cell or asking the Warden to move the plaintiff. Id.

The plaintiff alleges that the Doe complaint examiner responded to the plaintiff's administrative complaint about the issue after the plaintiff had been moved to a handicapped cell, telling the plaintiff that the issue was moot. Id. The plaintiff says that the complaint examiner had a "duty to investigate why it took so long as well as ensure such circumstances does not [sic] occur again." Id. The plaintiff asserts that the issue with his water has occurred before at Dodge, and that the complaint examiner should have investigated to learn about those incidents and correct the policy or procedure at the prison. Id.

Finally, the plaintiff alleges that he sent Warden Cromwell a DOC-0643 form (the same form he sent to Lieutenant Radcliffe) about the water issue. Id. He says that Warden Cromwell did not order him to be moved to another cell, provide him hand sanitizer or bottles of water or take other action to remedy the problem. Id. He asserts that this "neglectful and/or reckless action" constitutes deliberate indifference. Id.

The plaintiff asserts that he suffered physical and psychological harm, including thirst, irritated skin, poor hygiene, dry lips and mental stress and anguish. Id. at 4. He seeks $550,000 in damages and a court order directing Dodge to change its policies or procedures to put "disability needs as well as human rights before policies/proceedures [sic] of classification or any

restrictions that prohibits, restricts, and/or conflicts with human or Constitutional rights as well as needs." Id.

C.    Analysis

The court analyzes the plaintiff's allegations about his denial of accessible water under the Eighth Amendment, which prohibits prisons from subjecting incarcerated persons "to conditions of confinement amounting to cruel and unusual punishment." Giles v. Godinez, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing Rhodes v. Chapman, 452 U.S. 337, 345–47 (1981)). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a conditions-of-confinement claim, an incarcerated person must show that he has been deprived of "'the minimal civilized measure of life's necessities.'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes, 452 U.S. at 347). This could include "deprivations of essential food, medical care, or sanitation" and "other conditions intolerable for prison confinement." Rhodes, 452 U.S. at 348. The Supreme Court has clarified that only "extreme deprivations" amount to cruel and unusual conditions of confinement. Giles, 914 F.3d at 1051 (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)).

The subjective component requires an incarcerated person to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the incarcerated person would suffer serious harm. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303. The court must judge the alleged conditions "in

7

accordance with contemporary standards of decency." <u>Giles</u>, 914 F.3d at 1051 (citing <u>Hudson</u>, 503 U.S. at 8, and <u>Rhodes</u>, 452 U.S. at 346).

The plaintiff alleges that he has only one arm—his right—because of a birth defect. He says that the sink in his cell at Dodge required two hands to use—one to hold down the button for either hot or cold water and the other to fill a cup with water, wet a toothbrush, wash one's hand and face, and so on. The plaintiff alleges that because of his condition, he was unable to use the sink in his cell and often went without adequate water, resulting in thirst, dehydration, poor hygiene and other physical and psychological effects. The court finds that these allegations satisfy the objective component of an Eighth Amendment claim. <u>See</u> <u>Hardeman v. Curran</u>, 933 F.3d 816, 820–21 (7th Cir. 2019); <u>Gray v. Hardy</u>, 826 F.3d 1000, 1006 (7th Cir. 2016).

The plaintiff alleges that he told a Doe officer on the first and second shift about this issue, and that they told him to deal with it. He says that one of these officers noted the issue in a logbook and told the plaintiff that he would tell his supervisors. But the plaintiff says nothing changed, and he remained in his cell without adequate water or water access for at least two weeks. These allegations are sufficient for the court to find that the Doe officers were aware of the plaintiff's lack of accessible water but failed to take appropriate action to address it. He may proceed against these Doe defendants.

The plaintiff alleges that Johnson was aware of the inaccessible water issue and responded to his request for an accommodation. But he says that her response included blaming the Movement Director and "bureaucracy" for

not moving the plaintiff to a handicapped cell more quickly. He alleges that she could have provided him other accommodations short of a new cell (cups or bottles of water, a separate water dispenser) but failed to do so. The court must assume for purposes of screening that Johnson and the prison had these alternative options available to provide to the plaintiff in lieu of moving him to a handicapped cell. With that assumption in mind, the court finds that the plaintiff sufficiently states an Eighth Amendment claim against Johnson.

The plaintiff asserts that he also made the Movement Director aware of the issue, but that the Movement Director refused his request to move to another cell because of prison policy requiring the plaintiff to be at a lower custody level before he could be moved. The plaintiff does not allege whether the Movement Director could have provided the plaintiff any alternative accommodations. His allegations do not suggest that the Movement Director disregarded the plaintiff's concern or was deliberately indifferent to it. The plaintiff alleges only that he was dissatisfied with the Movement Director's response to the problem, which was based entirely on the plaintiff's custody status. This is insufficient to state an Eighth Amendment claim. The court will dismiss the Movement Director.

The plaintiff alleges that he notified Lieutenant Radcliffe and Warden Cromwell about his water by filing a DOC-0643 form and by telling officers to pass the message along. He alleges that neither Lieutenant Radcliffe nor Warden Cromwell responded to him or provided him an accommodation, even though they had the authority and ability to do so. He suggests that these defendants

disregarded the problem and "passed the issue" on to other staff including Johnson, who did nothing to address the plaintiff's concern. Although these allegations are slim, the court finds them sufficient to suggest that Lieutenant Radcliffe and Warden Cromwell knew about the issue and "consciously turned a blind eye toward an obvious risk." Santiago v. Walls, 599 F.3d 749, 759 (7th Cir. 2010). The plaintiff may proceed against these defendants.

The plaintiff has not stated a claim against the Doe complaint examiner. He alleges that the complaint examiner told the plaintiff that the plaintiff's administrative complaint was moot because the plaintiff had been moved to an accessible cell by the time he filed the complaint. This did not violate the plaintiff's rights. See George v. Smith, 507 F.3d 605, 609–10 (7th Cir. 2007) (explaining that prison officials do not violate an incarcerated person's rights by rejecting "an administrative complaint about a completed act of misconduct"). The plaintiff insists that the complaint examiner had a duty to investigate his complaint anyway, but that is incorrect. The plaintiff's right to file an administrative complaint is procedural and not substantive. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). That means that the plaintiff cannot state a claim against a complaint examiner who fails to investigate his administrative complaint or take other action in response to it. See Estate of Miller v. Marberry, 847 F.3d 425, 428–29 (7th Cir. 2017); Steinke v. Dittmann, Case No. 17-cv-656, 2020 WL 470145, at *3 (E.D. Wis. Jan. 29, 2020) (quoting Reimann v. Frank, 397 F. Supp. 2d 1059, 1081 (W.D. Wis. 2005)). The court will dismiss the Doe complaint examiner as a defendant.

The plaintiff also seeks to proceed on a claim under the Americans with Disabilities Act. To state a claim under the ADA, the plaintiff must show that (1) he is a qualified individual with a disability; (2) he was denied the benefits of the services, programs or activities of, or otherwise subjected to discrimination by, a public entity; and (3) the denial or discrimination was because of his disability. Wagoner v. Lemmon, 778 F.3d 586, 592 (7th Cir. 2015). The Seventh Circuit sets a low bar for pleading claims of discrimination. See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty., 804 F.3d 826, 833 (7th Cir. 2015) ("A complaint that identified the type of discrimination the plaintiff thought occurred, by whom, and when was all the plaintiff needed to put in her complaint." (cleaned up)).[1]

The court finds that the allegations in the complaint satisfy this low standard. The plaintiff alleges that he repeatedly has been placed in a cell at Dodge with water that is inaccessible for him, even though officials are aware of his disability. He alleges that he was placed in one of these cells for at least two weeks in August and September 2024. He alleges that Johnson, Lieutenant

_____

[1] The plaintiff's allegations also could constitute a claim under the nearly identical standards of the Rehabilitation Act, which requires the plaintiff to allege that "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." Jaros v. Ill. Dep't of Corr., 684 F.3d 667, 672 (7th Cir. 2012) (citing 29 U.S.C. §705(2)(B)). The Rehabilitation Act has a narrower reach because it applies to only programs and activities, not services. Washington v. Ind. High Sch. Athletic Ass'n, Inc., 181 F.3d 840, 845 n.6 (7th Cir. 1999). The court will construe the plaintiff's claim as if he had brought it under only the ADA because the plaintiff alleges he was denied a service (accessible water) and not a program or activity and because the plaintiff cannot recover under both statutes. See McDaniel v. Syed, 115 F.4th 805, 821 n.9 (7th Cir. 2024).

Case 2:24-cv-01594-PP    Filed 06/04/25    Page 11 of 17    Document 8

Radcliffe, Warden Cromwell and the Doe officers all were aware of the issue but failed to issue him a reasonable accommodation. He lists various accommodations that they could have provided him short of moving him to a handicapped cell, which eventually they did. The court finds these allegations sufficient to proceed on a claim under the ADA. The plaintiff may proceed on this claim against the same defendants as his Eighth Amendment claim.

Relief under the ADA is not available against employees of the public entity that allegedly denied the plaintiff services based on is disability. See Suggs v. Kramer, et al., Case No. 24-CV-1427, 2025 WL 445325, at *3 (E.D. Wis. Feb. 10, 2025) (citing Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303, 783 F.3d 634, 644 (7th Cir. 2015); Boston v. Dart, Case No. 14 CV 8680, 2015 WL 4638044, at *2 (N.D. Ill. Aug. 4, 2015)). The proper defendant for the plaintiff's ADA claim is the Wisconsin Department of Corrections (DOC), which is the public entity, or the defendants in their official capacities, which is in effect a claim against the DOC. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Because all defendants work for the same DOC prison, the court will allow the plaintiff to proceed on his ADA claim against only Warden Cromwell in his official capacity because his claims against the other defendants in their official capacities would be duplicative of (that is, the same as) his official capacity claim against the warden. See Kemper v. Piech, Case No. 17-CV-1123, 2017 WL 4162331, at *3 (E.D. Wis. Sept. 19, 2017).

The plaintiff seeks damages and injunctive relief ordering Dodge to change its policies for handling issues raised by incarcerated persons with

disabilities. The plaintiff may not proceed on his request for injunctive relief because he no longer is in a cell with inaccessible water. Nor is he still incarcerated at Dodge, and he does not allege that he expects to be incarcerated there again in the future. The plaintiff's move to another cell and his transfer to another prison mooted his request for injunctive relief, which means he cannot seek that relief in this lawsuit. See Kress v. CCA of Tenn., LLC, 694 F.3d 890, 894 (7th Cir. 2012); Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011). Even if the plaintiff's request for injunctive relief were not moot, the court would not have the authority to order the changes he seeks. "[P]rison officials have broad administrative and discretionary authority over the institutions they manage." Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) (quotation omitted). The plaintiff's request to alter policies or procedures at Dodge would be "intrusive to the inner workings of the prison system and would tread upon the DOC's authority over running their institution." Capoeira v. Pollard, Case No. 16-CV-224, 2016 WL 1452398, at *4 (E.D. Wis. Apr. 13, 2016). The plaintiff may proceed on his request for damages only.

Finally, the plaintiff seeks to proceed on his Eighth Amendment claim against the defendants in their official capacities. Claims against state actors in their official capacities represent another way to plead those claims against the entity that they represent or for which they work. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, n.55 (1978)). The court construes the official capacity claim as having been brought against the DOC, the agency for which the defendants

work. Id. at 165–66. And because claims against the DOC are "no different from a suit against the State itself," the court construes this claim as if the plaintiff had brought it against the State of Wisconsin. See Will, 491 U.S. at 71 (citing Graham, 473 U.S. at 165–66; Monell, 436 U.S. at 690 n.55). But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. That means that the plaintiff cannot recover money damages on his Eighth Amendment claim against the defendants in their official, versus individual, capacities. Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003). Because damages are the only available relief that the plaintiff seeks, the court will dismiss his Eighth Amendment claim against the defendants in their official capacities. The plaintiff may recover damages through his Eighth Amendment claim against the defendants in their individual capacities and through his ADA claim against the defendants in their official capacities. See Ocampo v. Harris, Case No. 22-CV-01972, 2023 WL 6388234, at *2 & n.6 (N.D. Ill. Sept. 30, 2023) (citing Brown v. Montoya, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.")).

Because the plaintiff does not know the names of the Doe correctional officers, he must use discovery to learn their names. Once all of the named defendants have responded to the plaintiff's complaint, the court will issue a scheduling order setting deadlines for the completion of discovery and for filing

14

dispositive motions. The order also will set a deadline for the plaintiff to identify the Doe officers and will provide the plaintiff additional information for identifying them. **The plaintiff must not start the process for identifying the Doe officers until the court has entered the scheduling order.**

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DISMISSES** defendants John Doe Movement Director and the John or Jane Doe institutional complaint examiner (ICE).

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on Daniel Cromwell, Lieutenant Radcliffe and McKinsie Johnson at Dodge Correctional Institution. Under the informal service agreement, the court **ORDERS** those defendants to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$341.57** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 4th day of June, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**