THADDEUS M. LIETZ,

                        Plaintiff,

    v.                                          Case No. 24-cv-1594-pp

WARDEN DANIEL CROMWELL, *et al.*,

                        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 18), DENYING PLAINTIFF'S MOTION FOR SUBPOENA ORDER AND SANCTIONS (DKT. NO. 20), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 21), GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 24) AND GRANTING PLAINTIFF'S MOTION TO AMEND HEADING (DKT. NO. 28)**

---

Plaintiff Thaddeus M. Lietz, who is representing himself, was incarcerated in a Wisconsin Department of Corrections facility when he filed this case alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on claims under the Eighth Amendment and the Americans with Disabilities Act based on allegations that he could not access water in his cell because he has only one arm. Dkt. No. 8 at 8-14. Since last fall, the plaintiff has filed a motion for sanctions, dkt. no. 18, a motion for subpoena order and sanctions, dkt. no. 20, a motion to compel discovery, dkt. no. 21, a motion to amend the complaint, dkt. no. 24, and a motion to amend heading in terms of defendants' names, dkt. no. 28. This order addresses those motions.

1

**I.  Motion for Sanctions (Dkt. No. 18), Motion for Subpoena Order and Sanction (Dkt. No. 20) and Motion to Compel (Dkt. No. 21)**

On November 4, 2025, the plaintiff filed a motion asking the court to sanction the defendants for their alleged failure to timely respond to his discovery requests. Dkt. No. 18. The plaintiff said that he submitted discovery requests to the defendants in an attempt to identify the names of the Doe defendants but that he did not receive a response. Id. The defendants respond that the court should deny the plaintiff's motion because he did not confer with them before filing it. Dkt. No. 19 at 1. The defendants also state that the only mailing they received from the plaintiff is a copy of his motion for discovery documents (Dkt. No. 14), which the court denied (Dkt. No. 15). Dkt. No. 19. According to the defendants, they "do not understand the denied motion to constitute a proper discovery request," but they say that if the court decides otherwise or the plaintiff serves further discovery, the defendants "will respond accordingly." Id.

On November 25, 2025, the plaintiff filed a Motion for Subpoena Order and Motion for Sanction Order. Dkt. No. 20. He requests that the court order the United States Marshals Service to obtain the documents and information he seeks in the discovery request that he says he mailed to the defendants' attorney the same day he filed it with the court. Id. The plaintiff states that the defendants have failed to provide any of the requested discovery. Id. The plaintiff also states that he seeks sanctions in the form of a court order requiring the defendants to pay the costs of using the United States Marshals Service to obtain the discovery. Id. On December 3, 2025, the plaintiff filed a

2

motion to compel discovery in which he says that he correctly mailed all motions, filings and documents to defense counsel. Dkt. No. 21 at 1. The plaintiff requests that the court compel the defendants to provide the requested discovery. <u>Id.</u> at 1-2.

The defendants again respond that the court should deny the plaintiff's motions because he did not confer with them before he filed them. Dkt. No. 22 at 1. They assert that the plaintiff did not serve any discovery on them after the court' August 25, 2025 order denying his motion for discovery (Dkt. No. 17). Dkt. No. 22 at 1. The defendants also assert that the plaintiff has not followed the proper procedure for obtaining a subpoena and that the court should deny his request for a subpoena. <u>Id.</u> at 2.

A party may move for an order compelling discovery. Federal Rule of Civil Procedure 37(a). The motion must include a certification that the moving party has conferred or attempted to confer with the party who failed to provide discovery. <u>Id.</u> The plaintiff is not entitled to a ruling in his favor on his motions for sanctions or his motion to compel because the motions do not include a certification that he conferred with the defendants before filing those motions. The court will deny the plaintiff's motions for sanctions and his motion for subpoena as well as his motion to compel.

But the defendants admit that they have not responded to the discovery request the plaintiff filed with the court on August 21, 2025. Dkt. No. 14. The plaintiff states that on the same day he filed the motion with the court, he mailed it to defense counsel. The defendants acknowledge receiving the request

3

from the plaintiff, but they say they didn't respond to it because they didn't consider it to be a "proper discovery request." Dkt. No. 19. The defendants also state that they will respond if the court tells them to do so. On August 25, 2025, the court denied the plaintiff's motion for discovery documents and his demand for certain discovery because the document "[was] not a motion; it [was] a *request* for various discovery information under Federal Rules of Civil Procedure 33 and 34." Dkt. No. 34. The defendants should have responded to that discovery request and this order will set a deadline for them to do so.

## II.     Motion to Amend the Complaint (Dkt. No. 24)

The plaintiff has filed a motion to amend the complaint—specifically, to amend his request for relief. Dkt. No. 24. The plaintiff filed a proposed amended complaint in which he reiterates his claims against current and former defendants. Dkt. No. 25. When the court screened the original complaint, the court allowed the plaintiff to proceed on the following claims: (1) an Eighth Amendment claim against John Doe first and second shift correctional officers in their individual capacities who allegedly knew the plaintiff remained in his cell without water access for at least two weeks but failed to take appropriate action to address it; (2) an Eighth Amendment claim against McKinsie Johnson in her individual capacity who allegedly was aware of the plaintiff's inaccessible water issue but failed to take appropriate action to address it; (3) an Eighth Amendment claim against Joseph Radcliffe and Warden Daniel Cromwell in their individual capacities who allegedly knew about the plaintiff's water issue but disregarded it; (4) and an Americans with

Disabilities Act claim against Cromwell in his official capacity based on the plaintiff's placement in a cell for at least two weeks in which water was inaccessible to him. Dkt. No. 8 at 8-12. The plaintiff may proceed with these same claims as articulated in his amended complaint.

In his amended complaint, the plaintiff also advances a claim against defendant John Doe Movement Director/Coordinator, who allegedly is Johnson's supervisor. Dkt. No. 25 at 4. The plaintiff alleges that Johnson made John Doe Movement Director/Coordinator aware of the plaintiff's situation of not having independent access to water and that this Doe defendant had the authority to move the plaintiff to another cell or unit. Id. These allegations are sufficient to state an Eighth Amendment claim against John Doe Movement Director/Coordinator.[1]

In the amended complaint the plaintiff also alleges that defendant John/Jane Doe complaint examiner is liable because he or she was made aware of the plaintiff's situation and turned a blind eye. Dkt. No. 25 at 6. These allegations are conclusory and do not state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-56 (2007). The plaintiff does not explain how or when the Doe complaint examiner became aware of his situation. (In the original complaint, the plaintiff alleged that the Doe complaint examiner told

---

[1] The original complaint did not allege that John Doe Movement Director/Coordinator had the authority to move the plaintiff to a different cell or unit. At screening, the court did not allow the plaintiff to proceed against John Doe Movement Director/Coordinator. Dkt. No. 8 at 9. In the amended complaint, the plaintiff adds allegations about John Doe Movement Director/Coordinator's authority which allows for a plausible Eighth Amendment claim.

the plaintiff that his administrative complaint was moot because the plaintiff had been moved to an accessible cell by the time he filed the complaint. Dkt. No. 1 at 3.) The plaintiff has not stated a claim against the Doe complaint examiner, see George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (explaining that prison officials do not violate an incarcerated person's rights by rejecting "an administrative complaint about a completed act of misconduct"), and may not proceed against the Doe complaint examiner.

Finally, the plaintiff claims that the defendants violated his rights under the Rehabilitation Act (RA). Dkt. No. 25 at 1. But as explained in the court's order screening the original complaint, he cannot proceed under both the ADA and the RA. Dkt. No. 8 at 11 n.1 (citing McDaniel v. Syed, 115 F.4th 805, 821 n.9 (7th Cir. 2024)). Because he already is proceeding under the ADA, the plaintiff may not also proceed under the RA.

### III. Motion to Amend Heading (Dkt. No. 28)

The plaintiff moves to identify the names of the John Doe first and second shift correctional officer defendants. Dkt. No. 28. He says that Officer John Doe (first shift) is Officer Wolf and Officer John Doe (second shift) is Officer Foce. Id. The court will grant the plaintiff's motion and order service of the amended complaint on these newly identified defendants.

Once the named defendants have filed a responsive pleading to the amended complaint, the court will set a deadline for the plaintiff to identify defendant John Doe Movement Director/Coordinator and will set new

6

deadlines for the parties to complete discovery and file motions for summary judgment on the merits.

## IV.     Conclusion

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 18.

The court **DENIES** the plaintiff's motion for subpoena order and sanctions. Dkt. No. 20.

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 21.

The court **ORDERS** that by the end of the day on **May 21, 2026**, the defendants must respond to the discovery requests the plaintiff filed with the court on August 21, 2025 (Dkt. No. 14).

The court **GRANTS** the plaintiff's motion to amend the complaint. Dkt. No. 24. The court **ORDERS** that the proposed amended complaint filed at Dkt. No. 25 is the operative complaint going forward. The plaintiff may proceed against the following defendants: Warden Daniel Cromwell, Joseph Radcliffe, McKinsie Johnson, John Doe Movement Director/Coordinator, and John Does 1st and 2nd shift correctional officers. The court **DISMISSES** defendant John/Jane Doe ICE.

The court **GRANTS** the plaintiff's motion to amend heading in terms of defendants' names. Dkt. No. 28. The court **DIRECTS** the clerk's office to update the docket and **SUBSTITUTE** Officer Wolf and Officer Foce for defendants John Does 1st and 2nd shift correctional officers.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the

complaint and this order to the Wisconsin Department of Justice for service on defendants Wolf and Foce. Under the informal service agreement, the court **ORDERS** defendants Cromwell, Radcliffe, Johnson, Wolf and Foce to file a responsive pleading to the complaint within sixty (60) days.

Dated in Milwaukee, Wisconsin this 21st day of April, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8